UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

ANAND SOOKDEO,						Case No. 21-CV-1546

                      Plaintiff,		**COMPLAINT**

  -v.-

AC AUTOMOTIVE INC, PARTS
AUTHORITY, LLC, AMRIT DABIE, and
JASMATTIE BISSOON,
                      Defendants

-------------------------------------------------------------------------X

      Plaintiff, ANAND SOOKDEO (hereinafter, "Sookdeo" or "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint against Defendants, AC AUTOMOTIVE, INC. ("AC Automotive"), PARTS AUTHORITY, LLC (the, "Parts Authority"), AMRIT DABIE, and JASMATTIE BISSOON (collectively the, "Defendants"), and states as follows:

## INTRODUCTION

      1.     Plaintiff Sookdeo alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq*. ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wages (2) unpaid overtime compensation (3) liquidated damages, (4) pre-judgment and post-judgment interest and (5) attorneys' fees and costs.

      2.     Plaintiff further alleges that pursuant to New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (a) unpaid minimum wages (b) unpaid overtime compensation, (c) reimbursement for unlawful deductions from his wages, (d) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

      3.     This Court has original federal question jurisdiction under 28 U.S.C. §1331 because this case is brought under the Fair Labor Standards Act, 29 U.S. C. §§ 201, et seq.

(the, "FLSA").  The Court has supplemental jurisdiction over the New York state law claims, pursuant to 28 U.S.C. §1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391 because the acts and/or omissions giving rise to the claims herein alleged occurred in this District.

## PARTIES

5. Plaintiff, Anand Sookdeo is an adult individual residing in Queens County, New York.

6. Upon information and belief, at all times relevant herein, defendant AC Automotive was, and still is, a domestic corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business located at 145-35 Liberty Avenue, Jamaica, New York 11435.

7. Upon information and belief, defendant Parts Authority was, and still is, a foreign limited liability company organized and existing pursuant to the laws of the State of Delaware, with its principal place of business located at 3 Dakota Drive, Lake Success, New York 11042.

8. Defendant Amrit Dabie is an individual who is engaged (or who was engaged) in business in this judicial district during the relevant time period.

9. Defendant Dabie is sued individually in his capacity as owner, officer and/or agent of defendant AC Automotive.

10. Defendant Jasmattie Bissoon is an individual who is engaged (or who was engaged) in business in this judicial district during the relevant time period.

11. Defendant Bissoon is sued individually in her capacity as owner, officer and/or agent of defendant AC Automotive.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers and an Enterprise*

12. Defendants AC Automotive and Parts Authority were, and upon information and belief still are, business enterprises that, both individually and collectively, engaged in related

activities performed through a unified operation or control, for common business purposes.

13.   Defendant Parts Authority employed Plaintiff by using a subcontractor system. Defendant AC Automotive was, and upon information and belief still is, a subcontractor of Parts Authority.  Defendants AC Automotive and Parts Authority jointly controlled and supervised the work performed by Plaintiff.  Both Parts Authority and AC Automotive provided supervision of Plaintiff including which days and hours Plaintiff worked, how much he was to be paid, which locations in the warehouse Plaintiff was to work, the duties Plaintiff was to perform and evaluating his performance.

14.   Upon information and belief, at all times relevant herein, defendant Amrit Dabie, owned, operated and/or directly affected the conditions of employment of the employees of AC.

15.   Defendant Dabie determines or determined the wages and compensation of the employees of AC Automotive, including Plaintiff, and establishes or established the schedules of the employees, maintains or maintained employee records, and has or had the authority to hire and fire employees.

16.   Defendant Jasmattie Bissoon was and upon information and belief still is the Office Manager of AC.  As such, defendant Bissoon directly affected the conditions of employment of the employees of AC by, among other duties, computing and paying their weekly wages, as well as maintaining employee records.

17.   Defendants jointly employed Plaintiff and were joint employers within the meaning of 29 U.S.C. 201 *et seq*. and the New York Labor Law.

18.   In each year from 2018 to present, AC Automotive had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

19.   In each year from 2018 to present, Parts Authority had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately

stated).

20. In addition, at all times relevant, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, many of the car parts which Plaintiff inventoried and otherwise handled at the warehouse were purchased from outside of the State of New York or shipped to customers located outside of the State of New York.

21. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 (r-s).

<u>Plaintiff's Employment</u>

22. From approximately July, 2018 to on or about February 26, 2021, Plaintiff was employed by Defendants, performing inventory and stock duties at the Parts Authority warehouse located at 1601 Bronxdale Avenue, Bronx, New York 10462 (the, "Warehouse").

23. At all relevant times, the work performed by Plaintiff was carried out in the normal course of the Defendants' business and was directly essential to the business conducted by Defendants.

24. When Plaintiff was hired in July 2018, Defendants paid him at the rate of $10.00 per hour for all hours he worked regardless of whether Plaintiff worked more than forty hours in one week. After one year of employment, on approximately July 2019, Plaintiff's hourly rate increased to $11.00 per hour for all hours he worked. In March 2020, plaintiff's hourly rate increased to $12.00 per hour for all hours he worked. From October 2020 to February 26, 2021, Plaintiff's last day of employment, defendants paid plaintiff $13.00 per hour for all hours he worked regardless of whether Plaintiff worked more than

forty hours in one week.

25. The hourly rate Defendants paid to Plaintiff did not change for any weeks Plaintiff worked more than 40 hours. Defendants always paid Plaintiff at the straight time rate for all hours he worked each week, including those hours Plaintiff worked in excess of forty.

Defendants never paid Plaintiff at the overtime rate of one and one-half times Plaintiff's regular, straight-time rate.

26. During the employment of Plaintiff by Defendants, Plaintiff worked well over forty (40) hours per week, usually working six days per week, eight or more hours per day, an average of between 50 and 60 hours per week.

27. At all times Plaintiff was employed by Defendants, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages and overtime wages in direct contravention of the FLSA and the New York Labor Law.

28. Defendants made deductions of $40.00 per week from Plaintiff's pay in violation of New York Labor Law for transportation from the office of AC Automotive to the Parts Authority warehouse in the Bronx.

29. Defendants failed to pay Plaintiff an additional hour's pay for each day Plaintiff's shift at work exceeded ten hours.

30. Defendants failed to provide Plaintiff with a wage statement with each payment of wages, containing his regular hourly rate or rates of pay, his overtime rate or rates of pay, overtime hours worked, and wages paid, as required by NYLL §195(3).

31. Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information when he was hired and whenever his rate of pay changed, as required by NYLL §195(1).

32. No notification, either in the form of posted notices or other means, was ever given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

COUNT I:

VIOLATION OF THE FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME

33. At all relevant times, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

34. Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

35. At all relevant times, Defendants were the joint employers of the Plaintiff within the meaning of the FLSA.

36. Upon information and belief, at all relevant times defendants AC Automotive and Parts Authority have each had annual gross revenues in excess of $500,000.

37. Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of forty each week pursuant to the FLSA.

38. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours he worked in excess of forty per week as required by the FLSA.

39. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

40. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

41. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA. Throughout all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

42. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

43. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable for unpaid overtime wages, plus an equal

amount as liquidated damages.

44. In addition to the foregoing unpaid wages and liquidated damages, Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II:
### VIOLATION OF NEW YORK LABOR LAW – FAILURE TO PAY MINIMUM WAGE

45. At all relevant times, Plaintiff was jointly employed by the Defendants within the meaning of the New York Labor Law §§2 and 651.

46. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

47. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Labor Law § 663.

48. Due to the Defendants' failure to pay Plaintiff at the minimum wage rate, Plaintiff is entitled to recover from Defendants his unpaid wages, liquidated damages, reasonable attorneys' fees, and the costs and disbursements of this action, in an amount to be determined at trial.

## COUNT III:
### VIOLATION OF NEW YORK LABOR LAW – FAILURE TO PAY OVERTIME

49. At all relevant times, Plaintiff was jointly employed by the Defendants within the meaning of the New York Labor Law §§2 and 651.

50. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in each workweek.

51. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime, liquidated damages, reasonable attorneys' fees, and the costs and disbursements of this action, in an amount to be determined at trial.

COUNT IV:

NEW YORK SPREAD OF HOURS PROVISION

46. Plaintiff regularly worked a shift over more than ten hours.

47. Defendants willfully and intentionally failed to compensate Plaintiff an additional one hour's pay at the basic New York minimum hourly wage rate for each day in which the spread of hours worked exceeded 10 hours, as required under 12 NYCRR § 142-2.4, which regulations was duly promulgated pursuant to N.Y. Labor Law § 21 (ii).

48. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, and attorneys' fees pursuant to N.Y. Lab. Law § 663.

COUNT V:

UNLALWFUL DEDUCTIONS IN VIOLATION OF NEW YORK LABOR LAW

49. At all relevant times, Defendants were Plaintiff's employers within the meaning of New York Labor Law §§ 2 and 651.

50. New York Labor Law § 193 prohibits any employer or his agents, including owners and managers, from deducting any sums of money from an employee's wages unless such deductions are for the benefit of the employed and such employee has authorized the deduction in writing.

51. Defendants made illegal deductions from Plaintiff's wages;

52. As a result of the foregoing Defendants' willful and unlawful conduct violated New York Labor Law §193.

53. As a result of the foregoing, Plaintiff is entitled to an award of damages in an amount to be determined at trial.

COUNT VI:

NEW YORK WAGE THEFT PREVENTION ACT

54. The Defendants failed to furnish to the Plaintiff with each wage payment a

statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3.

55. As a result of the foregoing, Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorney fees pursuant to N.Y. Lab. Law § 198(1-d).

## COUNT VII:
### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

56. Defendants failed to provide Plaintiff with a written notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195 (1).

57. As a result of the foregoing Defendants are liable to Plaintiff in the amount of 5,000.00, together with costs and attorney fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Amrit Dabie, Jasmattie Bissoon, AC Automotive and Parts

Authority, and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

  c. An award of unpaid minimum wages due under the New York Labor Law;

  d. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

  e. An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. §216;

  f. An award under the New York Labor Law for unpaid spread of hours pay and improper deductions from wages;

  g. An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation and spread of hours pay pursuant to the New York Labor Law;

  h. An award of statutory damages for Defendants' violation of the Wage Theft Prevention Act, N.Y. Labor Law §195(3) and the recordkeeping requirements of N.Y. Labor Law §195(1);

  i. An award of prejudgment and post judgment interest; and

  j. An award of costs and expenses of this action together with reasonable attorneys' fees.

Dated: March 24, 2021
   Forest Hills, New York

                  _____
                   ARTHUR H. FORMAN
                   90-20 Metropolitan Avenue
                   Forest Hills, New York 11375
                   (718) 268-2616

                   *Attorney for Plaintiff*