UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANAND SOOKDEO,                                                      Docket No. 21-cv-01546

                        Plaintiff,
  -against-                                                         **ANSWER**

AC AUTOMOTIVE INC, PARTS AUTHORITY,
LLC, AMRIT DABIE, and JASMATTIE BISSOON,

                        Defendants.
-----------------------------------------------------------------X

      Defendants AC AUTOMOTIVE INC, AMRIT DABIE and JASMATTIE BISSOON (hereinafter "Defendants"), by and through their attorneys, Feather Law Firm, P.C., hereby interpose the following Answer to Plaintiff's Complaint:

1. Paragraph "1" of the Complaint states that pursuant to the Fair Labor Standards Act, as amended, §§ 29 U.S.C. 201 et. seq. ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid minimum wages (2) unpaid overtime compensation (3) liquidated damages, (4) pre-judgment and post-judgment interest and (5) attorneys' fees and costs.  As such, the Defendants are not obligated to answer; to the extent that this paragraph may be read as setting forth any allegation(s) of fact, the Defendants deny those allegation(s).

2. Paragraph "2" of the Complaint states that pursuant to New York Labor Law ("NYLL"), he is entitled to recover from Defendants:  (a) unpaid minimum wages (b) unpaid overtime compensation, (c) reimbursement for unlawful deductions from his wages, (d) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and

1

costs. As such, the Defendants are not obligated to answer; to the extent that this paragraph may be read as setting forth any allegation(s) of fact, the Defendants deny those allegation(s).

3. Admit the allegations contained in Paragraph "3", but deny that this Court has or should exercise supplemental jurisdiction over the New York State law claims.

4. Deny the allegations contained in Paragraph "4" of the Complaint.

5. Deny knowledge sufficient to form a belief as to the allegations contained in Paragraph "5" of the Complaint.

6. Admit the allegations contained in Paragraph "6" of the Complaint.

7. Deny knowledge sufficient to form a belief as to the allegations contained in Paragraph "7" of the Complaint.

8. Deny knowledge sufficient to form a belief as to the allegations contained in Paragraph "8" of the Complaint, because the term "engaged in business" is not defined.

9. Paragraph "9" of the Complaint states that Defendant Dabie is sued individually in his capacity as owner, officer and/or agent of defendant AC Automotive. As such, the Defendants are not obligated to answer; to the extent that this paragraph may be read as setting forth any allegation(s) of fact, the Defendants deny those allegation(s).

10. Deny knowledge sufficient to form a belief as to the allegations contained in Paragraph "10" of the Complaint, because the term "engaged in business" is not defined.

11. Paragraph "11" of the Complaint states that Defendant Bissoon is sued individually in her capacity as owner, officer and/or agent of Defendant AC Automotive. As such, the Defendants are not obligated to answer; to the extent that this paragraph may be read as setting forth any allegation(s) of fact, the Defendants deny those allegation(s).

12. Deny the allegations contained in Paragraph "12" of the Complaint.

13. Admit, as is set forth in Paragraph "13" of the Complaint, that Defendant AC Automotive was, and still is, a subcontractor of Parts Authority, but deny the remainder of the allegations set forth in this paragraph.

14. Deny the allegations contained in Paragraph "14" of the Complaint.

15. Admit the allegations contained in Paragraph "15" of the Complaint.

16. Deny the allegations contained in Paragraph "16" of the Complaint.

17. Deny the allegations contained in Paragraph "17" of the Complaint.

18. Admit the allegations contained in Paragraph "18" of the Complaint.

19. Deny knowledge sufficient to form a belief as to the allegations contained in Paragraph "19" of the Complaint.

20. Defendants assert that Paragraph "20" of the Complaint contains conclusions of law and not factual allegations to which an answer is required. To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

21. Defendants assert that Paragraph "21" of the Complaint contains conclusions of law and not factual allegations to which an answer is required. To the extent that this paragraph may be read as setting forth any allegations of fact, the

    Defendants deny those allegations.

22. Deny the allegations contained in Paragraph "22" of the Complaint.

23. Admit the allegations contained in Paragraph "23" of the Complaint.

24. Deny the allegations contained in Paragraph "24" of the Complaint.

25. Admit the allegations contained in Paragraph "25" of the Complaint.

26. Deny the allegations contained in Paragraph "26" of the Complaint.

27. Deny the allegations contained in Paragraph "27" of the Complaint.

28. Deny the allegations contained in Paragraph "28" of the Complaint.

29. Deny the allegations contained in Paragraph "29" of the Complaint.

30. Admit the allegations contained in Paragraph "30" of the Complaint.

31. Admit the allegations contained in Paragraph "31" of the Complaint.

32. Deny the allegations contained in Paragraph "32" of the Complaint.

33. Defendants assert that Paragraph "33" of the Complaint contained conclusions of law and not factual allegations to which an answer is required. To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

34. Defendants assert that Paragraph "34" of the Complaint contained conclusions of law and not factual allegations to which an answer is required. To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

35. Defendants assert that Paragraph "35" of the Complaint contained conclusions of law and not factual allegations to which an answer is required. To the extent that this paragraph may be read as setting forth any allegations of fact, the

Defendants deny those allegations.

36. Admit that Defendant AC Automotive had annual gross revenues in excess of $500,000, but deny knowledge sufficient to form a belief as to the allegations with respect to Defendant Parts Authority contained in Paragraph "36" of the Complaint.

37. Admit the allegations contained in Paragraph "37" of the Complaint.

38. Admit the allegations contained in Paragraph "38" of the Complaint.

39. Admit, as is set forth in Paragraph "39" of the Compliant, that records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Paragraph "39" further states that Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of the Court to amend this Complaint to set forth the precise amount due; as such, the Defendants are not obligated to answer; to the extent that this may be read as setting forth any allegation(s) of fact, the Defendants deny those allegation(s).

40. Deny the allegations contained in Paragraph "40" of the Complaint.

41. Deny the allegations contained in Paragraph "41" of the Complaint.

42. Deny the allegations contained in Paragraph "42" of the Complaint.

43. Deny the allegations contained in Paragraph "43" of the Complaint.

44. Deny the allegations contained in Paragraph "44" of the Complaint.

45. Defendants assert that Paragraph "45" of the Complaint contains conclusions of law and not factual allegations to which an answer is required. To the extent

that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

46. Deny the allegations contained in Paragraph "46" of the Complaint.

47. Deny the allegations contained in Paragraph "47" of the Complaint.

48. Deny the allegations contained in Paragraph "48" of the Complaint.

49. Defendants assert that Paragraph "49" of the Complaint contains conclusions of law and not factual allegations to which an answer is required. To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

50. Deny the allegations contained in Paragraph "50" of the Complaint.

51. Deny the allegations contained in Paragraph "51" of the Complaint.

46 (Second). Deny the allegations contained in the Second Paragraph "46" of the Complaint.

47(Second). Deny the allegations contained in the Second Paragraph "47" of the Complaint.

48(Second). Deny the allegations contained in the Second Paragraph "48" of the Complaint.

49(Second). Defendants assert that the Second Paragraph "49" of the Complaint contained conclusions of law and not factual allegations to which an answer is required. To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

50(Second). The Second Paragraph "50" of the Complaint states that New York Labor Law §193 prohibits any employer or his agents, including owners and

managers, from deducting any sums of money from an employee's wages unless such deductions are for the benefit of the employed and such employee has authorized the deduction in writing. As such, the Defendants are not obligated to answer; to the extent that this paragraph may be read as setting forth any allegation(s) of fact, the Defendants deny those allegation(s).

51(Second).   Deny the allegations contained in the Second Paragraph "51" of the Complaint.

52. Deny the allegations contained in Paragraph "52" of the Complaint.

53. Deny the allegations contained in Paragraph "53" of the Complaint.

54. Admit the allegations contained in Paragraph "54" of the Complaint.

55. Deny the allegations contained in Paragraph "55" of the Complaint.

56. Admit the allegations contained in Paragraph "56" of the Complaint.

57. Deny the allegations contained in Paragraph "57" of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the remedy, relief or damages sought in the Plaintiff's Complaint.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury in this action.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that it fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed to the extent that they are barred by the applicable statutes of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

At all times relevant to the Plaintiff's claims, the Defendants acted in good faith and had reasonable grounds to believe that their actions were not violative of any federal, state or local laws, rules regulations or guidelines.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

This Court has no jurisdiction and/or should not exercise jurisdiction over Plaintiff's state law claim(s).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages because Defendants acted in good faith and had reason to believe their actions and/or omissions did not willfully violate federal and/or state law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to establish a basis for liquidated damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on grounds that some or all of the damages alleged by the Plaintiff were caused or brought about by reason of the Plaintiff's own acts, actions and/or failures to act.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of laches, waiver, estoppel, unclean hands, avoidable consequences, after-acquired evidence and/or other principles of equity.

## AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

The Defendants Amrit Dabie and Jasmattie Bissoon were not the Plaintiff's employer as that term is defined in the FLSA and the applicable New York State law.

Defendants reserves the right to supplement these defenses based upon information obtained during discovery.

WHEREFORE, Defendants request that the Court:

    a)    Dismiss, with prejudice, Plaintiff's Complaint in its entirety;

    b)    Deny each and every demand, claim and prayer for relief contained in the Plaintiff's Complaint;

    c)    Award to the Defendants reimbursement for the cost of defending this meritless, vexatious and frivolous claim, including attorneys' fees; and

    d)    Grant such other and further relief as the Court deems just and proper.

Dated:    Garden City, New York
           June 7, 2021

Yours, etc.,

_____
David S. Feather, Esq.
FEATHER LAW FIRM, P.C.
*Attorneys for Defendants*
*AC AUTOMOTIVE INC, AMRIT DABIE*
*and JASMATTIE BISSOON*
666 Old Country Road, Suite 605
Garden City, New York 11530
(516) 745-9000

TO:    ARTHUR H. FORMAN
       *Attorney for Plaintiff*
       90-20 Metropolitan Avenue
       Forest Hills, New York 11375
       (718) 268-2616

       Sharon P. Stiller, Esq.
       ABRAMS, FENSTERMAN, et al, LLP
       *Attorneys for Defendant PARTS AUTHORITY, LLC*
       160 Linden Oaks – Suite E
       Rochester, New York 14625
       (585) 218-9999

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ANAND SOOKDEO,                                          Docket No. 21-cv-01546

                                     Plaintiff,
      -against-                                                       **AFFIRMATION OF SERVICE**

AC AUTOMOTIVE INC, PARTS AUTHORITY,
LLC, AMRIT DABIE, and JASMATTIE BISSOON,

                                     Defendants.
------------------------------------------------------------------X

STATE OF NEW YORK )
                         ) ss.:
COUNTY OF NASSAU )

David S. Feather, being duly sworn, deposes and says:

I am not a party to the foregoing action, am over the age of 18 years, with a business address of 666 Old Country Road, Suite 605 in Garden City, New York. On June 7, 2021, I served the within document:

**ANSWER**

By regular mail in a sealed envelope and via ECF addressed to the following person or persons at the addresses set forth below.

ARTHUR H. FORMAN                     Sharon P. Stiller, Esq.
*Attorney for Plaintiff*                       ABRAMS, FENSTERMAN, et al, LLP
90-20 Metropolitan Avenue            *Attorneys for Defendant PARTS AUTHORITY, LLC*
Forest Hills, New York 11375         160 Linden Oaks – Suite E
                                             Rochester, New York 14625

                                                             DAVID S. FEATHER

Dated:   Garden City, New York
           June 7, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                Docket No. No. 21-cv-01546

ANAND SOOKDEO,

                                                      Plaintiff,

-against-

AC AUTOMOTIVE INC, PARTS AUTHORITY,
LLC, AMRIT DABIE, and JASMATTIE BISSOON,

                                                      Defendants.

## ANSWER

Feather Law Firm, P.C.
Attorneys for Defendants AC Automotive Inc., Amrit Dabie and Jasmattie Bissoon
666 Old Country Road, Suite 605
Garden City, New York 11530
(516) 745-9000
Fax (516) 908-3930

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: June 7, 2021

                                                      Signature

                                                      David S. Feather